**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY SCHWAB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **PENTAGROUP FINANCIAL, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, TIMOTHY SCHWAB, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, PENTAGROUP FINANCIAL, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.      TIMOTHY SCHWAB, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Deerfield, County of Lake, State of Illinois.

5.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sprint.

6.     The debt that Plaintiff allegedly owed Sprint was for a personal and/or residential telephone bill incurred by Plaintiff.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     PENTAGROUP FINANCIAL, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of New York

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV.     <u>ALLEGATIONS</u>

### <u>COUNT I: TIMOTHY SCHWAB v. PENTAGROUP FINANCIAL, LLC FOR VIOLATIONS OF THE FDCPA</u>

15.     In or around July 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant who stated that he was calling to collect a debt owed by Plaintiff to Sprint.

16.     Plaintiff informed Defendant that he had never obtained services from Sprint and as such that he did not owe the aforesaid debt.

17.     Defendant then asked Plaintiff for his social security number and for his current and past addressees so that Defendant could determine if Plaintiff was responsible for the debt on which it was attempting to collect.

18.     Plaintiff provided Defendant with the information that was requested of him.

19.     Defendant informed Plaintiff that the debt on which it was attempting to collect was neither linked to Plaintiff's social security number nor Plaintiff's current and past addressees.

20.     Defendant then told Plaintiff that it had determined that Plaintiff did not owe the aforesaid debt.

21.     Defendant further told Plaintiff that it would stop all collection efforts against Plaintiff relative to the aforesaid debt because Plaintiff never incurred the debt.

22.     Notwithstanding Defendant's representation that it would stop all collection efforts against Plaintiff relative to the aforesaid debt, subsequent to the aforementioned telephone

conversation, Defendant reported the aforesaid debt to the "consumer reporting agencies" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

23. Notwithstanding Defendant's acknowledgement that the debt on which it was attempting to collect was not Plaintiff's debt, subsequent to the aforementioned telephone conversation, Defendant reported the aforesaid debt to the consumer reporting agencies.

24. Defendant provided false information regarding Plaintiff to the consumer reporting agencies when it reported that the aforesaid debt belonged to Plaintiff given that Plaintiff never incurred the debt on which Defendant was attempting to collect.

25. By reporting to the consumer reporting agencies that Plaintiff owed the aforesaid debt, Defendant misrepresented the character and/or nature of the debt on which it was attempting to collect given that Plaintiff never incurred the aforesaid debt.

26. To date, Defendant continues to report to the consumer reporting agencies that Plaintiff owes a debt to Sprint.

27. In its attempts to collect the debt allegedly owed by Plaintiff to Sprint, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: TIMOTHY SCHWAB v. PENTAGROUP FINANCIAL, LLC
## FOR VIOLATIONS OF THE FCRA

29.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

30.     Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies.

31.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

32.     The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendant.

33.      Specifically, Plaintiff asserts that he never incurred the aforesaid debt.

34.     Further, in or around July 2009, during a telephone conversation between Plaintiff and Defendant, Plaintiff informed Defendant that he disputed the debt.

35.     Moreover, during the aforesaid telephone conversation, Defendant acknowledged that Plaintiff did not owe the aforesaid debt.

36.     Despite the foregoing, Defendant has disseminated information that the aforesaid account belongs to Plaintiff and that the aforesaid account is in collections.

37.     Defendant has further failed to report that the aforesaid account is disputed by Plaintiff.

38.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

39.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

40.     On or about September 7, 2010, Plaintiff disputed the inaccurate information with the consumer reporting agency, Trans Union, LLC, and its representatives, via Trans Union, LLC's online dispute center and by following the aforementioned consumer reporting agency's established procedure for disputing consumer credit information.

41.     Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

42.     Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that were being reported about Plaintiff.

43.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

44.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

45.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

b.  Denial of attempt(s) to re-finance a home mortgage;

c.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

d.  Decreased credit score which may result in inability to obtain credit on future attempts.

46.  At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

47.  At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

48.  At all relevant times, the aforementioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

49.  Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d.  Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

     e.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

     f.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

50.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

51.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TIMOTHY SCHWAB, by and through his attorneys, respectfully prays for judgment as follows:

     a.    All actual compensatory damages suffered;

     b.    Statutory damages of $1,000.00 for Defendant's violation of the FDCPA;

     c.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA;

     d.    Punitive damages;

     e.    Plaintiff's attorneys' fees and costs; and,

     f.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TIMOTHY SCHWAB**


**By:**    s/ David M. Marco
            Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us